PS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CHARLES R. GREFER,

        Plaintiff,

v.                                **ORDER**
                                  6:23-CV-6048-EAW

DET. F. CORNELIUS, Cayuga County
Sheriff's Dept.,

        Defendant.
_____

*Pro se* Plaintiff, Charles R. Grefer, a prisoner confined at the Cayuga County Jail, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff alleges constitutional violations arising from his arrest, prosecution, and pretrial detention in Cayuga County, New York. (Dkt. 1). For the reasons set forth below, this action is transferred to the United States District Court for the Northern District of New York pursuant to 28 U.S.C. § 1406(a).

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under § 1391(c) a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any

1

judicial district where it is subject to personal jurisdiction with respect to the civil action in question.  *See* 28 U.S.C. § 1391(c)(1), (2).

When a case is filed in a district in which venue is improper, the court shall dismiss the case "or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought."  28 U.S.C. § 1406(a).  A district court may transfer a case pursuant to 28 U.S.C. § 1406(a) *sua sponte*.  *O'Connor v. Long Island R.R. Co.*, No. 1:22-CV-06908 (JLR), 2022 WL 17363932, at *1 (S.D.N.Y. Dec. 1, 2022).  "The purpose of 28 U.S.C. § 1406(a)'s transfer provision is to 'remov[e] whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits.'"  *Rolle v. Berkowitz*, No. 03 Civ.7120 DAB RLE, 2004 WL 287678, at *3 (S.D.N.Y. Feb. 11, 2004) (quoting *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67 (1962)).

Here, Plaintiff sues Det. F. Cornelius, of the Cayuga County Sheriff's Department.  He alleges that the events underlying the claims asserted in the Complaint occurred in Auburn, New York, which is located in Cayuga County and thus within the geographical confines of the Northern District.  *See* 28 U.S.C. § 112(a).  Moreover, Plaintiff does not allege that the Defendant resides within this District.  *See* 28 U.S.C. § 1391(c)(1).  The Cayuga County Sheriff's Department is located in Auburn, New York, in the Northern District.  *See* 28 U.S.C. § 1391(c)(2); *Cain v. New York State Bd. of Elec.,* 630 F. Supp. 221, 225 (E.D.N.Y. 1986) ("'Residence' for venue purposes is where the officials involved perform their duties"); *see also Kirk v. N.Y. State Dep't of Ed.*, No. 08-CV-6016 (CJS), 2008 WL 819632, at *3 (W.DN.Y. Mar. 25, 2008) ("[W]here . . . public officials are sued in their official capacities, 'residence' for venue purposes is where they perform their official

2

duties.") (alteration added) (quoting *Andrew H. by Irene H. v. Ambach*, 579 F. Supp. 85, 88 (S.D.N.Y. 1984)).  Thus, there is no apparent basis for venue in the Western District.

## CONCLUSION

Based upon the foregoing, this Court finds that venue for Plaintiff's action is not proper in this District.  In the interest of justice, this action is transferred to the United States District Court for the Northern District of New York pursuant to 28 U.S.C. § 1406(a).  This Court makes no ruling as to the sufficiency of the complaint, nor does it consider the merits of Plaintiff's amended motion to proceed *in forma pauperis* under 28 U.S.C. § 1915(a), (b), and (g) (the three "strikes" provision).[1]  The Court leaves those issues to the Northern District.  The judgment administratively closing this action, (Dkt. 4), is hereby vacated.

SO ORDERED.

Dated:   February 7, 2023
         Rochester, New York

_____
ELIZABETH A. WOLFORD
CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1]   The Court notes that, while still incarcerated, Plaintiff previously filed at least three cases in the Western District that have been dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A: *Grefer v. Grant*, 6:19-cv-06498-EAW (Dkt. 24) (Oct. 28, 2021); *Grefer v. Morrocco*, 6:19-cv-06618-EAW (Dkt. 25 (Feb. 16, 2021) and Dkt. 26 (June 23, 2021) (failed to amend deficient claims)); *Grefer v. Director*, 6:20-cv-06054-FPG (Dkt. 7 (Apr. 14, 2020) and Dkt. 15 (Apr. 29, 2021) (failed to amend deficient claims)).